Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

2009 JUL -7 AM 10: 57

CLERK OF COURT
BY:

PEOPLE OF GUAM,

vs.

ELWIN CHAMPACO QUITANO,

Defendant.

CRIMINAL CASE NO. CM307-09

DECISION and ORDER

The Defendant's Motion to Dismiss was heard on July 6, 2009 before the HONORABLE ELIZABETH BARRETT-ANDERSON. Defendant was represented by Attorney F. Randall Cunliffe, and the People were represented by Assistant Attorney General Sally Tobin. The Court having considered all the briefs and arguments this Court hereby DENIES Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

Defendant was originally charged by a Magistrate's Complaint dated April 6, 2009. An affidavit of probable cause was attached to the Magistrate's Complaint and has been provided to Defendant. Defendant moved to dismiss the Magistrate's Complaint, and the Court granted leave to the Prosecutor to file an amended complaint in its June 1, 2009 Decision and Order. An Amended Magistrate's Complaint was filed June 8, 2009. This Court dismissed all but the first counts of the Second and Third Charge of the Amended Magistrate's Complaint on June 10, 2009. Defendant filed his Motion to Dismiss the Second and Third Charges of the Amended Magistrate's Complaint on June 16, 2009.

## DISCUSSION

Defendant argues that an affidavit must be filed with an Amended Magistrate's Complaint but fails to cite any case law to support this argument. Instead, Defendant argues 8 G.C.A. §15.20(a) requires an affidavit to be filed "therewith" otherwise the Amended Complaint is defective. 8 G.C.A. § 55.20. The Court disagrees. There is nothing in reading both Sections together that leads this Court to conclude that failure of the prosecutor to attach the original Affidavit of Probable Cause is fatal especially if there were no amendments intended or made to the original Affidavit. The original Affidavit is still of record. The Defendant has been fully apprised of the probably cause facts underlining the original Affidavit, and no prejudice has occurred to him simply because the same Affidavit of Probable Cause was not attached to the Amended Complaint.

Defendant further attacks the Amended Complaint on the grounds that he was not served a Summons under 8 G.C.A. § 45.21(a). The purpose of the Summons is to require a defendant's appearance. The Defendant has appeared, and has continued to appear throughout these proceedings without summons. There is no requirement under Guam law that a summons be reissued on an amended pleading under circumstance where a defendant has already appeared.

Finally, Defendant argues that Charge Three should be dismissed as the law is unconstitutional. The Court has, heretofore, in its June 1, 2009 Decision "reject[ed] Defendant's claim that 9 G.C.A. §61.20(a) is unconstitutional." People v. Quitano, Criminal Case No. 307-09, *Decision and Order on Motion to Dismiss* (Jun 1, 2009), p. 3. Defendant re-iterates his original argument and relies on People v. Smith. 862 P.2d 939 (Colo. 1993). Defendant's use of the Colorado decision is not persuasive based on the facts of the case at hand, and is, therefore, distinguishable. Unlike Colorado's statute, Guam's harassment law narrowly draws attention to

communication "likely to cause" an ordinary person to be annoyed or be alarmed. It invokes a reasonable person standard. This standard would be sufficient in the Court's determination to narrow the scope of application of Guam's harassment statute so as to prevent it from being overbroad and vague. It would provide protection to victims of harassment, while at the same time afford full First Amendment protect to citizens in their ordinary and daily communications, as well as more specific public political expressions. Id. at 943, n.7.

The People properly argue that this case does not involve the traditional constitutional challenges to criminal statutes which proscribe certain speech. The alleged communication is not traditionally protected speech. There are no constitutional protections for speech which allure and entice children to have sex.

## CONCLUSION

Based on the above, the Defendant's Motion to Dismiss is DENIED.

**SO ORDERED this** July 6, 2009.

_____
**HONORABLE ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that this
is a full, true and exact copy of the
original ...
Clerk of ...
Superior ...

JUL 0 7 2009

Orianne M.Q. Balbas
... Superior Court of Guam